United States District Court
Southern District of Texas
**ENTERED**
March 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT F. STRANGE JR, | § § | CIVIL ACTION NO. 4:21-cv-03298 |
| Plaintiff, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| DEUTSCHE BANK NATIONAL TRUST CO, | § § § § | |
| Defendant. | § | |

## OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

The motion by Defendant Deutsche Bank National Trust Company for summary judgment is granted. Dkt 8.

1. Background

Plaintiff Robert F. Strange Jr and his wife Lana executed and delivered a Texas home equity note on May 11, 2004. Dkt 8-2. That note was secured by a Texas home equity security instrument executed by the couple that same day. Id. The security instrument established a first lien on the property commonly known as 5531 Cedar Creek Drive, Houston, Texas 77056. Dkt 8-3.

Select Portfolio Servicing Inc currently services the loan. Dkt 8-5. Defendant Deutsche Bank National Trust Company is the current owner and holder of the note and the assignee of the deed of trust. Dkts 8-1, 8-2, 8-3 & 8-4.

Select Portfolio sent a notice of default in July 2013 after Strange defaulted on the loan in March 2012. Dkt 8-6. It then issued a notice of acceleration on February 27, 2014. Dkt 8-7.

Strange brought an action in late 2014 against Deutsche Bank in the 80th Judicial District of Harris County, Texas. *Strange v Deutsche Bank National Trust Co*, 2014-69638 (80th Dist Ct, Harris County, Tex 2014). Deutsche Bank there counterclaimed for an order authorizing judicial foreclosure and a declaratory judgment stating that Strange is in default and that Deutsche Bank had met the legal requirements to proceed with a foreclosure sale on the property. Dkt 13-1 at ¶¶ 11–14. That court granted a motion by Deutsche Bank for summary judgment in July 2015, awarding a final judgment ordering foreclosure of the property and authorizing non-judicial foreclosure sale. Dkt 8-8 at 1–2.

Deutsche Bank brought an action to foreclose under the expedited foreclosure procedures of Rule 736 of the Texas Rules of Civil Procedure in December 2018. Dkt 1-4 at ¶ 11. And in August 2019, it received an order authorizing it to foreclose. Deutsche Bank then sent notice of a foreclosure sale to occur on October 5, 2021. Id at ¶ 14.

Strange filed this action in Texas state court seeking a temporary restraining order preventing the sale from occurring; a declaratory judgment stating that the Deed of Trust is void and unenforceable and no longer encumbers the property; and a permanent injunction. Id at ¶¶ 15–22.

Deutsche Bank removed and now moves for summary judgment. Dkts 1 & 8.

2. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres*

2

*Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010), quoting *Anderson*, 477 US at 248. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008), citing *Ballard v Burton*, 444 F3d 391, 396 (5th Cir 2006).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015) (quotation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986) (citations omitted). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (quotation omitted). To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citation omitted).

    3.  Analysis

The relevant facts of this case aren't in dispute. See Dkt 12 at 2. The only question is whether the applicable four-year statute of limitations bars Deutsche Bank from seeking foreclosure. Id at 1. In short, it doesn't.

Texas Civil Practice and Remedies Code § 16.035(a) states, "A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." A *real property lien* includes a

deed of trust. *Santiago v Bank of New York Mellon*, 2018 WL 7138389, *7 (ED Tex), recommendation adopted by 2019 WL 4267437 (ED Tex), and affirmed by 802 F Appx 855 (5th Cir 2020, *per curiam*); see also Tex Practice & Remedies Code § 16.035(g)(2). Likewise, Texas Civil Practice and Remedies Code § 16.035(b) dictates, "A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Failure to comply with the applicable limitations period results in voidance of "the real property lien" and the "power of sale to enforce the real property lien." Tex Civil Practice & Remedies Code § 16.035(d).

A cause of action doesn't accrue until "the maturity date of the last note, obligation, or installment." Tex Civil Practice & Remedies Code § 16.035(e). But when the note or deed of trust contains an optional acceleration clause, the action accrues when the "holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v Wolf*, 44 SW3d 562, 566 (Tex 2001).

Importantly, a party seeking foreclosure needn't comply with both section 16.035(a) and (b). *Maluski*, 2018 WL 4780794 at *8; *Santiago*, 2018 WL 7138389 at *8. It must instead *either* bring an action within four years *or* sell the property within four years. And so long as it brings action within the limitations period, "the plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitations period." *Maluski*, 2018 WL 4780794 at *8, quoting *Metcalf v Wilmington Savings Fund Society FSB*, 2017 WL 1228886, *4 (Tex App—Austin, *rev denied*); see also *Slay v Nationstar Mortgage LLC*, 2010 WL 670095, *3 (Tex App—Fort Worth, *rev denied*); *Santiago*, 2018 WL 7138389 at *8.

The cause of action at issue accrued when Select Portfolio accelerated the loan on February 27, 2014. Dkts 8-7 & 12 at 2. Strange argues that the 80th Judicial District rendered its order pursuant to Rule 735 of the Texas Rules of Civil Procedure. As best can be understood, he contends that Rule 736.9 thus applies, dictating that the

4

order is "without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." Dkt 12 at 3. Consequently, he believes that the suit didn't qualify under section 16.035(a). And he further contends that the limitations period of both section 16.035(a) and (b) has since run. Id at 3–4.

To the contrary, Deutsche Bank brought its counterclaim in the 80th Judicial District for "a final judgment which includes an order authorizing foreclosure under the Security Instrument and Texas Property Code § 51.002" on January 23, 2015—well within four years of the acceleration of the loan. Dkt 13-1 at 3–4. That counterclaim qualifies as a suit for "the foreclosure of a real property lien" under section 16.035(a). Dkt 13-1; *Maluski*, 2018 WL 4780794 at *8; *Santiago*, 2018 WL 7138389 at *8. Rule 736.9—which applies to expedited foreclosure proceedings that occur under § 16.035(b)—is inapplicable.

The motion by Deutsche Bank for summary judgment will be granted.

### 4. Conclusion

The motion by Defendant Deutsche Bank National Trust Company for summary judgment is GRANTED. Dkt 8.

The claims brought by Plaintiff Robert F. Strange Jr are DISMISSED WITH PREJUDICE.

The motion by Plaintiff Robert F. Strange Jr for temporary restraining order is DENIED AS MOOT. Dkt 14.

A final judgment will issue separately.

SO ORDERED.

Signed on March 25, 2022, at Houston, Texas.

*Ch R Eshridge*
Hon. Charles Eskridge
United States District Judge